IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **MICHAEL E. PEEL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 5:14-25581 |
| ) | |
| **FEDERAL CORRECTIONAL** ) | |
| **INSTITUTE BECKLEY,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending for screening in this matter is Plaintiff's Complaint (Document No. 1.) and his Amended Complaint (Document No. 5.).[1] Plaintiff has also filed an Application to Proceed Without Prepayment of Fees and Costs. (Document No. 4.) Having considered the allegations contained in Plaintiff's Complaint and Amended Complaint and information contained in documents and records included therewith and with several Motions which Plaintiff has filed, the undersigned respectfully recommends that this matter be dismissed for Plaintiff's failure to exhaust administrative remedies.

**PROCEDURAL AND FACTUAL BACKGROUND**

On September 9, 2014, Plaintiff filed his Complaint in this matter naming as Defendants Federal Correctional Institute [FCI] Beckley, Physicians Assistant [PA] James McMillion and Dr. Dominic McLain. (Document No. 1.) Plaintiff had initiated two civil actions prior to initiating this action; (1) Peel v. United States, et al., Civil Action No. 5:14-23038 initiated on July 15, 2014, in this District and (2) Peel v. United States, et al., Civil Action No. 5:14-25104, initiated on August

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

18, 2014, in the United States District Court for the Eastern District of Kentucky and transferred to this District on August 26, 2014. The latter action was consolidated with the former. Plaintiff filed a Motion to Dismiss the consolidated actions, and by Order filed on September 22, 2014, the District Court dismissed the consolidated actions with prejudice. See Civil Action No. 5:14-23038, Document No. 25. It appears from Plaintiff Complaint that Plaintiff is claiming entitlement to relief pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971), alleging, as he had in the consolidated actions, that Defendants were violating his rights under the Eighth Amendment of the United States Constitution by failing to provide him with medical treatment for Hepatitis-C. (Document No. 1.) Plaintiff indicates that while Defendant FCI Beckley has a grievance procedure in place, he did not submit a grievance respecting the facts which are the basis of his Complaint because "I'm afraid of retaliation from staff members. They already open my legal mail without me present." (Id., p. 3.) A Motion to Enter Evidence is included with Plaintiff's Complaint. (Id., pp. 8 - 9.) In his Motion, Plaintiff refers to an article which appeared in the July, 2014, edition of the magazine "Prison Legal News" entitled "Prisoners Unlikely to Benefit from New, Highly Effective Hepatitis C Treatment". Plaintiff included a copy of the article. (Id., pp. 10 - 12.) Plaintiff claims that the article "greatly explains the case with Hep-C treatment in the BOP today and proves I was denied treatment after 40 months based in a care level 2 facility for chronic Hep-C condition and asked for treatment and told no. But others I know by name have been successfully treated and [are] currently in remission which is identical to this article." (Id., pp. 8 - 9.) In a Second Motion to Enter Evidence (Id., p. 13.), Plaintiff refers to a document entitled "Sentencing Monitoring Computation Data Sheet", medical records, a Clinical Lab report, Sick Call Encounters and Clinical Encounter – Administrative Note claiming that they "prove that HCV/Hep-C is a medical issue and that a 40 month sentence was

imposed at which time the Plaintiff asked for medical attention and during this 40 month sentence, [he] was denied and forgotten about." Plaintiff included a copy of the referenced documents. (Id., pp. 14 - 31.)

The undersigned examined Plaintiff's Complaint in this matter on September 10, 2014, and, finding that he had not paid the Court's filing fee or filed a Motion to proceed without doing so, the undersigned ordered Plaintiff to do one or the other by October 10, 2014. (Document No. 3.) On October 2, 2014, Plaintiff filed an Application to Proceed Without Prepayment of Fees and Costs and an Amended Complaint. (Document Nos. 4 and 5.) As in his Complaint, Plaintiff indicates that he did not take advantage of FCI Beckley's grievance procedure. (Document No. 5, p. 3.) Plaintiff states that he was "made to believe I was to be treated and drug along until my upcoming release dated . . .. I begged for treatment and warned them I was being released and still no word of treatment." (Id.) Plaintiff contends in his Amended Complaint as follows (Id., pp. 4 - 5.):

> Physicians Assistant McMillion told me there was a 90% success rate for Hep-C, that he had treated others and they all were fine. Basically selling me on the fact that I would be treated. He ordered labs and told me he lost the results or the results were lost and ordered more. This all drug on from 2-13-13 until 6-27-14, and I'm still waiting. I haven't filed a grievance here on McMillion and McLain because (1) it has been drug out until my release and I wouldn't have time for the process and (2) it may result in retaliation which I fear at this point. Dr. McLain denied any biopsy because of an APRI score being low therefore denying me any medical treatment period for the reason being said "I ain't sick enough." I was lied to and drug along for what purpose I don't know. And denied medical treatment for a disease I've had since 2001 which can't be in that good of shape. I warned PA McMillion I was getting out to get this treatment going and that's when it started to slow down. I was told of a 24 and 48 week treatment depending on the type. I was told I'm type 1. At this point there was still time to treat me for my Hep-C condition which I was lied to about results being lost and drug along to where I couldn't get treatment and administrative remedy would do no good. I feel cheated and discriminated against. When I've been sold on this 90% cure for what I've got and how the people who have been treated here are doing so much better, I feel I ain't good enough and at some point someone made the decision to let me die with Hep-C.

From documents included with Plaintiff's Motions to Enter Evidence (Document Nos. 11, 13, 14

3

and 15.), it appears that Plaintiff began the administrative remedy process respecting the claims he raises in this proceeding by filing an Informal Resolution Form on October 1, 2014 (Document No. 14, p. 12.), about three weeks after he filed his Complaint in this matter (September 9, 2014). By his "Motion to Enter Statement for Show Cause" filed on November 6, 2014 (Document No. 12.), Plaintiff requests that the Court consider his statement that "I have not received a reply from the Warden of Beckley on the matter of denial of needed medical treatment by PA McMillion and Doctor McLain." Plaintiff states that he was transferred to a Community Correctional Center and was told that the facility did not have BP-10 forms. Plaintiff states that "[a]t this time I feel that I have fully exhausted my administrative remedy procedure."[2]

## **THE STANDARD**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails

---

[2] 28 C.F.R. § 542.10(b) provides that "[t]his [Administrative Remedy] Program applies to all inmates in institutions operated by the Bureau of Prisons, to inmates designated to contract Community Corrections Centers (CCCs) under Bureau of Prisons responsibility, and to former inmates for issues that arose during their confinement. This Program does not apply to inmates confined in other non-federal facilities."

to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## DISCUSSION

A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395 -97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law. The United States Supreme Court has held that an inmate may name a federal officer in an individual capacity as a defendant in alleging an Eighth Amendment constitutional violation pursuant to Bivens. See Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed. 2d 171 (1991). However, Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991); Reingold v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir. 1999).

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996), requires that inmates exhaust available administrative remedies prior to filing civil actions though the administrative process may not afford them the relief they might obtain through civil proceedings.[3] Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368 (2006); Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)(The Prison Litigation Reform Act's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong.); Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 1820,149 L.Ed.2d 958 (2001)("Under 42 U.S.C. § 1997e(a), an inmate seeking only money damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not make specific provision for monetary relief."). Exhaustion of administrative remedies is also required when injunctive relief is requested. Goist v. U.S. Bureau of Prisons, 2002 WL 32079467, *4, fn.1 (D.S.C. Sep 25, 2002), aff'd, 54 Fed.Appx. 159 (4th Cir. 2003), cert. denied, 538 U.S. 1047, 123 S.Ct. 2111, 155 L.Ed.2d 1088 (2003). "[T]here is no futility exception to the PLRA's exhaustion requirement." Massey v. Helman, 196 F.3d 727, 733 (7th Cir. 1999). But the plain language of the statute requires that only "available" administrative remedies be exhausted. A grievance procedure is not "available" if prison officials prevent an inmate from using it. Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003)(inmate lacked available administrative remedies for exhaustion purposes where inmate was unable to file a grievance because prison officials refused to provide him with the necessary grievance forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir.

---

[3] 42 U.S.C. § 1997e(a) provides as follows:

No action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted.

6

2001)(allegations that prison officials failed to respond to his written requests for grievance forms were sufficient to raise an inference that inmate had exhausted his available administrative remedies.)

If an inmate exhausts administrative remedies with respect to some, but not all, of the claims he raises in a Section 1983, Bivens or FTCA action, the Court must dismiss the unexhausted claims and proceed with the exhausted ones. See Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 913, 166 L.Ed.2d 798 (2007)("The PLRA does not require dismissal of the entire complaint when a prisoner has failed to exhaust some, but not all, of the claims included in the complaint. * * * If a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad.") It appears to be the majority view as well that exhausting administrative remedies after a Complaint is filed will not save a case from dismissal. See Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001)(*overruled on other grounds*), a Section 1983 action, citing numerous cases. The rationale is pragmatic. As the Court stated in Neal, allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court. Moreover, if during the pendency of a suit, the administrative process were to produce results benefitting plaintiff, the federal court would have wasted its resources adjudicating claims that could have been resolved within the prison grievance system at the outset. Neal, 267 F.3d at 123. In Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999), the Court stated: "The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court.. . .The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." Thus, the PLRA requires that available administrative remedies must be exhausted before the filing of a suit in Federal Court. It is further clear that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies.

7

See Jones v. Bock, supra; Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 677 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. Prison officials have the burden of proving that the inmate had available remedies which he did not exhaust. See Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004)("Although exhaustion of administrative remedies is a precondition to a federal prisoner filing a Bivens suit, [citations omitted] failure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving." (Citations omitted)) The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies. The Fourth Circuit stated in Anderson, 470 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

For Bivens purposes, proper exhaustion of available administrative remedies requires that "a prisoner must submit inmate complaints and appeals in the place, and at the time, the prison's administrative rules require." Dale v. Lappin, 376 F.3d at 655 (internal citations omitted); also see Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382, 165 L.Ed.2d 368 (2006)(stating that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings"). The Federal Bureau of Prisons [BOP] has established an Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, through which an inmate may seek formal review of issues or complaints relating to confinement. Depending upon at what level an inmate initiates it, the BOP's Administrative Remedy Program is a three-step or four-step grievance

procedure. As a general matter, a federal inmate is required first to attempt to resolve his complaints informally by the submission of an "Inmate Request to Staff Member" form. 28 C.F.R. § 542.13. The inmate's request may be rejected if improper, and the inmate will then be advised of the proper administrative procedure. Id. Within 20 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must complete this first step and submit a formal "Administrative Remedy Request" on a BP-9 form to an institution staff member designated to receive such Requests, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the appropriate Regional Director. Id., § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmate's Request within 20 and 30 days respectively. Id., § 542.18. If the inmate's Request was directed to the Warden of the institution and the Warden's response is unfavorable, the inmate may appeal within 20 days to the Regional Director on a BP-10. Id., § 542.15(a) and (b). If the Regional Director's response is unfavorable, the inmate may appeal to General Counsel on a BP-11 form within 30 days after the Regional Director signed the response. Id., § 542.15(a). General Counsel has 40 days to respond to the inmate's appeal. Id., § 542.18. The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. Id., § 542.15(a). The entire process takes about 120 days to complete. An inmate's submission may be rejected at any level for failure to comply with the administrative remedy requirements or if the submission is written in an obscene or abusive manner. Id., § 542.17(a). The inmate will be provided with notice of any defect and whether the defect is correctable. Id., § 542.17(b). If a request or appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal level. Id., § 542.17(c).

Plaintiff acknowledges in his Complaint and Amended Complaint that he did not exhaust administrative remedies prior to filing his Complaint on September 9, 2014, and the documents

which he has submitted indicate that Plaintiff began the administrative remedy process respecting the claims he raises in this proceeding by filing an Informal Resolution Form on October 1, 2014 (Document No. 14, p. 12.), about three weeks after he filed his Complaint in this matter. Plaintiff asserts that he did not exhaust administrative remedies because he feared retaliation. A general non-specific fear of retaliation, however, will not suffice to excuse compliance with the mandatory exhaustion requirement. "[S]erious threats of substantial retaliation against an inmate for lodging or pursuing in good faith a grievance make the administrative remedy 'unavailable,' and thus lift the exhaustion requirement . . .." Turner v. Burnside, 541 F.3d 1077, 1085 (11th Cir. 2008). Plaintiff does not indicate that he was deterred in any way in seeking to exhaust administrative remedies by threats or intimidation. Plaintiff further asserts that he did not exhaust administrative remedies because Defendants lied to him about test results and led him to believe over a long period of time that he might be eligible for Hepatitis C treatment. Taking Plaintiff's assertions as true, nothing Defendants did prevented Plaintiff from filing an administrative grievance. The administrative remedy process remained available to him. See Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008)("[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it. Conversely, a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are. Rather, to be entitled to bring suit in federal court, a prisoner must have utilized all available remedies 'in accordance with the applicable procedural rules,' so that prison officials have been given an opportunity to address the claims administratively. Having done that, a prisoner has exhausted his available remedies, even if prison employees do not respond." (Citations omitted)). Finally, Plaintiff asserts that he could not continue with the exhaustion process after he was transferred to a Community Correction Center because the Center did not have BP-10 forms by

10

which he could do so. The administrative remedy process is unavailable when prison officials do not have forms necessary for completion of the administrative process. See Hill v. O'Brien, 387 Fed.Appx. 396, 400 (4th Cir. 2010). Assuming again that Plaintiff's assertions are true, the fact nevertheless remains that Plaintiff did not begin the administrative remedy process until after he filed his Complaint in this matter. Additionally, Plaintiff does not complain that administrative remedy forms were unavailable at FCI Beckley. It is evident that Plaintiff was sentenced to serve a forty month term of incarceration in December, 2012. (Document No. 1, p. 15.) It appears that Plaintiff was therefore in a BOP prison facility until he was transferred to a Community Correction facility in or about October, 2014. (Document No. 10.) Plaintiff therefore had approximately one year and ten months to initiate an administrative claim that he was not receiving adequate medical care for his Hepatitis C, and he failed to do so until after he filed the Complaint in this matter. For these reasons, the undersigned finds that Plaintiff's Bivens action against the above named Defendants should be dismissed.

## PROPOSAL AND RECOMMENDATION

Accordingly, it is respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 4.), **DISMISS** Plaintiff's Complaint as amended (Document Nos. 1 and 5.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days,

filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: July 31, 2015.

R. Clarke VanDervort
United States Magistrate Judge